1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   YOLANDA SILVA,                          Case No. 1:25-cv-00458-EPG (PC)

11                  Plaintiff,

12   v.                                      ORDER FOR PLAINTIFF TO SHOW
                                             CAUSE WHY THIS ACTION SHOULD
13   NANCY JACKSON,                          NOT BE DISMISSED WITHOUT
                                             PREJUDICE FOR FAILURE TO EXHAUST
14                  Defendant.               ADMINISTRATIVE REMEDIES BEFORE
                                             FILING THIS LAWSUIT
15

16                                           RESPONSE DUE IN THIRTY DAYS

17

18          Plaintiff Yolanda Silva is a state prisoner proceeding *pro se* in this civil rights action.

19   Plaintiff filed the operative complaint on April 21, 2025. (ECF No. 1). Plaintiff claims that

20   another inmate attacked her. (*Id.* at 3).

21          It appears from the face of the Complaint that Plaintiff did not exhaust her

22   administrative remedies before filing this action. (*Id.* at 2).  Accordingly, the Court will order

23   Plaintiff to file a response within thirty days, explaining why this action should not be

24   dismissed for failure to exhaust available administrative remedies. Such a dismissal would be

25   without prejudice, so that Plaintiff may refile the action after exhausting administrative

26   remedies, to the extent those remedies are still available to her.  In the alternative, Plaintiff may

27   file a notice of voluntary dismissal, in which case the Court will dismiss Plaintiff's case without

28   prejudice to Plaintiff refiling the complaint after exhausting administrative remedies.

                                              1

## I.    LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

> Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.

*Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in *Ross*, 578 U.S. at 639, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *See* 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .

2

> And finally, the same is true when prison administrators thwart
> inmates from taking advantage of a grievance process through
> machination, misrepresentation, or intimidation. . . . As all those courts
> have recognized, such interference with an inmate's pursuit of relief
> renders the administrative process unavailable. And then, once again,
> § 1997e(a) poses no bar.

*Id.* at 643–44.

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II.    ANALYSIS

It appears from the face of the complaint that Plaintiff did not exhaust her available administrative remedies before filing this action. Plaintiff's complaint indicates that the grievance procedure was not completed at the time she filed her complaint because she had not yet filed an appeal or grievance concerning the facts contained in the complaint. (ECF No. 1 at 2).

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies before filing this lawsuit. The Court notes that this dismissal would be without prejudice. Therefore, if Plaintiff exhausts her administrative remedies in the future, she could refile the complaint.

In response to this order, the Court also welcomes Plaintiff to file any documents she believes demonstrates that she has exhausted all available administrative remedies.

## III.    CONCLUSION AND ORDER TO SHOW CAUSE

Accordingly, **IT IS ORDERED** that,

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show
      cause why this action should not be dismissed, without prejudice, for failure to

3

exhaust available administrative remedies.

2. Alternatively, Plaintiff may file a notice of voluntary dismissal, in which case the Court will dismiss the case without prejudice such that Plaintiff may refile the case after exhausting administrative remedies.

3. A failure to comply with this order may result in the dismissal of Plaintiff's case.

IT IS SO ORDERED.

Dated:  __**June 9, 2025**__                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE