1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA SILVA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NANCY JACKSON,<br><br>　　　　Defendant. | Case No. 1:25-cv-00458-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING THIS CASE<br><br>(ECF No. 1).<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

　　　　Plaintiff Yolanda Silva is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed a complaint on April 21, 2025. (ECF No. 1). Plaintiff generally alleges that that another inmate attacked her. For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to exhaust administrative remedies, because lack of exhaustion is apparent from the face of the complaint.

\\\
\\\
\\\

1

## I.    BACKGROUND

Plaintiff filed the complaint on April 21, 2025. (ECF No. 1). Plaintiff alleges that another inmate, Nancy Jackson, started arguing with her, then attacked her by biting her. (*Id.* at 3).

In Plaintiff's complaint, in response to the question "Is there an inmate appeal nor administrative remedy process available at your institution?" Plaintiff put a mark next to "yes." (*Id.* at 1). In response to the question "Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?" Plaintiff has put a check-mark next to "No." (*Id.* at 2). In response to the question "If your answer is no, explain why not," Plaintiff has written "I just filed a lawsuit s/these paper documents. I would like to sue Mrs. Jackson, [illegible] for pain and suffering and injuries bite marks on my L check L hand R finger.  Would like to file a lawsuit today." (*Id.*).

As it appeared from the face of the Complaint that Plaintiff did not exhaust her administrative remedies before filing this action, on June 9, 2025, the Court issued an Order to Show Cause, ordering Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. (ECF No. 10).

On July 11, 2025, the Court received Plaintiff's "Motion for Extension of Time" which included an Office of Grievance Decision Order Status and her Grievance.  (ECF No. 11). Plaintiff stated that she had "appealed [the decision] at this time but [had] not received any answer." (*Id.* at 1). The Office of Grievances Decision, which is attached to Plaintiff's motion, is dated January 14, 2025 and states:

> The California Department of Corrections and Rehabilitation received your grievance on 12/30/2024 which you submitted on 12/27/2024.  Your allegation against an inmate or parolee was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.
>
> Your claim will be addressed by appropriate staff at Central California Women's Facility, as determined by the Reviewing Authority.
>
> If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals.

(*Id.* at 3).

> The Court denied Plaintiff's motion for extension of time because:
> Plaintiff indicates that she has appealed her grievance but has not yet received an answer. However, subsequent exhaustion cannot excuse an earlier failure to exhaust administrative remedies prior to bringing them to the court. <u>Vaden v. Summerhill</u>, 449 F.3d at 1051; <u>McKinney</u>, 311 F.3d at 1199 (a prisoner does not comply with exhaustion requirement by exhausting available remedies during the course of litigation). Thus, additional time to pursue the appeal of Plaintiff's grievance will not provide a basis for Plaintiff's complaint to proceed. Therefore, the Court DENIES Plaintiff's motion for extension for time to respond to the Court's order to show cause.

(ECF No. 12).

## II.    LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

As discussed in *Ross*, 578 U.S. at 639, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *See* 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .

> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

(*Id.* at 643–44).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

### III.     ANALYSIS

It is apparent from the face of the complaint that Plaintiff did not exhaust her available administrative remedies before filing this action. Plaintiff's complaint indicates that there is an inmate appeal or administrative remedy process available at her institution, but that Plaintiff has not filed an appeal or grievance concerning all of the facts contained in this complaint, and that Plaintiff has not completed the process. (ECF No. 1 at 2). Moreover, in response to the Court's order to show cause, Plaintiff filed a "Motion for Extension of Time" (ECF No. 11), indicating that by that time she has appealed her grievance but has not yet received an answer. (*Id.*).

Accordingly, this action should be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal is without prejudice. Therefore, if Plaintiff exhausts her administrative remedies in the future, she could refile the complaint.

### IV.     CONCLUSION AND ORDER

It is apparent from the face of the complaint that Plaintiff failed to exhaust administrative remedies available to her prior to filing this action.

Accordingly, **IT IS ORDERED** that:

1.     The Clerk of Court is directed to assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1.     This action be dismissed without prejudice for failure to exhaust administrative

1    remedies prior to filing this suit; and

2        2.  The Clerk of Court be directed to close this case.

3        These findings and recommendations will be submitted to the United States district

4  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

5  thirty days after being served with these findings and recommendations, Plaintiff may file

6  written objections with the Court. The document should be captioned "Objections to Magistrate

7  Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

8  within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*,

9  772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.

10  1991)). Any objections shall be limited to no more than 15 pages including exhibits.

11

12  IT IS SO ORDERED.

13      Dated:   __July 17, 2025__              /s/ *Erica P. Grosjean*

14                                     UNITED STATES MAGISTRATE JUDGE